**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DALVIN D. LAWRENCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00106-PLC |
| ) | |
| RIPLEY COUNTY SHERIFF'S ) | |
| OFFICE, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of Plaintiff Dalvin D. Lawrence's duplicate applications for leave to proceed *in forma pauperis*, docs. 11-13, and civil complaint, doc. 1. For the reasons explained below, the Court will grant Plaintiff's September 22, 2025 application and assess an initial partial filing fee of $1, and deny as moot Plaintiff's earlier-filed applications. The Court will also dismiss this action without further proceedings.

**I.      28 U.S.C. § 1915(b)(1)**

A prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After paying initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

In this case, the Court denied Plaintiff's first application for leave to proceed *in forma pauperis*, without prejudice, and directed him to either pay the filing fee in full or file a new application that was accompanied by the required account statement. *See* Doc. 10. In response, Plaintiff filed 3 applications in which he averred he had no income and no money currently available to him. Docs. 11-13. Plaintiff also stated he could not provide a certified inmate account statement because he was being held in a different facility to undergo a competency hearing. Doc. 12-1 and doc. 13 at 3.

The Court has reviewed Plaintiff's most recent application, doc. 13, and finds he is unable to pay the $405 filing fee. The Court will therefore grant Plaintiff leave to proceed *in forma pauperis* and assess an initial partial filing fee of $1, an amount that is reasonable based on the information available to the Court. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). The Court will direct Plaintiff to pay that amount within 30 days. If Plaintiff wishes to claim that he is unable to pay that amount, he must support that claim with an inmate account statement that shows his current financial situation. The Court will deny as moot Plaintiff's earlier-filed applications, docs. 11-12.

**II.     Background**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the Ripley County Sheriff's Office, the Ripley County Detention Center, and People's Community Bank. Where the form complaint provides space for Plaintiff to state the federal constitutional or statutory rights he claims are being violated by officials, Plaintiff writes: "Discrimination of etnic origin and religion/Antisemitic slurs emotional disstress property damage voyarism." Doc. 1 at 3 (when quoting the complaint, the Court quotes the text verbatim without noting or correcting errors). Next, Plaintiff writes: "they denied my medical they ignored my sexual harrasement

2

claim and Prea they broke thing on my property including my [illegible] they blatantly assaulted me." *Id.* at 4. Where the form complaint provides space for Plaintiff to state the facts underlying his claims, he writes:

> I was held in an isolation cell when I was supposed to be in general population due to me being black I was told my wife and mother couldn't visit I was stripped of of my [illegible] tablet due to me documenting [illegible] I was feed pork in a none pork facility and told I was gone eat it or starve so I went on hunger [illegible] I was denied recreation.

*Id.* Plaintiff describes his injuries as: "I have neck and back problem but was denied medical attention." *Id.* at 5. He alleges nothing further.

As relief, Plaintiff seeks damages totaling $90 million. He states he seeks that amount to compensate him for the time he spent in jail and for the emotional distress, pain, and trauma he experienced, to cover certain repairs to his car and home, and to reimburse his wife and mother for amounts they spent on him while he was in jail.

### III.    Legal Standard

Federal law requires this Court to review a complaint filed *in forma pauperis*, and dismiss it if the allegation of poverty is untrue, or if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant that is immune from such relief. 28 U.S.C. § 1915(e)(2). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts

alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372–73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

This Court must liberally construe a layperson's complaint. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That means that if the essence of the layperson's allegation is discernible, this Court should construe the complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even laypersons must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004) (stating federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, this Court is not required to interpret procedural rules in ordinary civil litigation so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**IV.   Discussion**

Plaintiff names the Ripley County Sheriff's Office and the Ripley County Detention Center as defendants. But relevant precedent establishes that departments or subdivisions of local government, like the Ripley County Sheriff's Office and the Ripley County Detention Center, are not "juridical," or suable, entities under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Therefore, Plaintiff's claims against those entities fail as a matter of law. *See, e.g., Ballard v. Missouri*, Case No. 4:13-cv-528-JAR (E.D. Mo. Apr. 22,

4

2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *Wallace v. St. Louis City Justice Ctr.*, Case No. 4:12-cv-2291-JAR (E.D. Mo. Jul. 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity).

Even if the Court were to construe the complaint as brought against the municipality and substitute it as a defendant, Plaintiff's allegations would not state a valid municipal liability claim. Liability under § 1983 may attach to a municipality if the constitutional violation resulted from: (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 691 (1978). Here, the complaint contains no such allegations, and the Court will not assume facts that Plaintiff has not alleged. *See Stone*, 364 F.3d at 914-15 (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

Plaintiff also named People's Community Bank as a defendant in this matter. However, Plaintiff does not describe any alleged wrongdoing attributable to that entity. In fact, the complaint is silent as to People's Community Bank, with the exception of listing its name as a defendant. The Court therefore finds that the complaint fails to state a claim against People's Community Bank. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

5

Finally, the Court has thoroughly reviewed and liberally construed the complaint, and finds no allegations that would state a plausible claim for relief against any individual or entity that could be identified as a defendant. Plaintiff states he was denied medical attention for a neck and back problem. However, he alleges no facts that would permit the inference that any person acting under color of state law actually knew of, and deliberately disregarded, a serious medical need, as necessary to state a plausible claim based on denial of adequate medical treatment. *See Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020). Plaintiff vaguely references other matters as well, including racial discrimination and antisemitic slurs, being held in an isolation cell and denied visits with his wife and mother, and being fed pork "in a none pork facility," and he states that "they" ignored his sexual harassment and/or PREA claim, broke his property, and assaulted him. Doc. 1 at 4. However, Plaintiff alleges no facts that would state a plausible claim for relief based on any of those matters. The Court will not assume facts that Plaintiff has not alleged. *See Stone,* 364 F.3d at 914-15.

For the foregoing reasons, the Court will dismiss this case without prejudice. The Court finds there would be no non-frivolous basis to argue that the complaint stated a valid claim for relief, so the Court will certify that an appeal would not be taken in good faith.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, doc. 13, is **GRANTED**, and his earlier-filed and duplicative applications, docs. 11 and 12, are **DENIED** as moot.

**IT IS FURTHER ORDERED** that, within 30 days of the date of this Memorandum and Order, Plaintiff shall pay an initial partial filing fee of $1. Plaintiff shall make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered with this Memorandum and Order.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 25th day of November 2025.

_____
JOHN A. ROSS
SENIOR UNITED STATES DISTRICT JUDGE